█ LILLIAN N. CAYEA, Individually and as Guardian ad Litem of DEBORAH CAYEA, an Infant, and as Limited Administratrix of the Estate of SUSAN CAYEA, Deceased, Appellant, v. ALDEN J. LA FAVE, Respondent.— Plaintiff appeals from a judgment of the Supreme Court in favor of the defendant, entered upon a jury verdict. Plaintiff was a passenger in an automobile owned and operated by her husband. Deborah Cayea and Susan Cayea were also passengers in the same car. Plaintiff and Deborah Cayea were injured in the accident, and Susan Cayea was killed. Plaintiff sues individually to recover damages for her own injuries and in a representative capacity to recover for the injuries received by Deborah Cayea and for the wrongful death of Susan Cayea. Howard Cayea was driving his car in a southerly direction in Clinton County on a road known as the Military Turnpike. Defendant La Fave was driving his truck loaded with lumber in a northerly direction on the same highway. Cayea intended to make a left turn into a private driveway on the east side of the highway. There was another car preparing to back out of the same highway, but was not actually in motion. All of the evidence tends to show that Cayea came to a full stop on his side of the highway. Defendant testified, and other evidence indicates, that Cayea started up and crossed into the northbound lane immediately in front of him when he was too close to avoid the collision. The evidence regarding speed of defendant's truck was conflicting. A witness, Peter Burdo, testified that the truck was traveling from 60 to 65 miles per hour. On cross-examination he was asked if he had ever testified before that the defendant was traveling at 60 to 65 miles per hour, and he said that he had on one occasion, either at the motor vehicle hearing or at the Coroner's inquest. Thereupon defendant's counsel offered in evidence the entire stenographic

transcript of the testimony of nine witnesses, including Burdo, given at the motor vehicle hearing, and the entire stenographic transcript of the testimony of eight witnesses, including Burdo, who were sworn at the Coroner's inquest. There was first a general objection, which was overruled, and an exception taken. Later another objection was interposed on the ground that no proper foundation had been laid, and this objection the court overruled. The court received both complete transcripts in evidence. After the receipt of these two exhibits, the court stated: " I am receiving it and I want the record to indicate clearly that I am receiving it solely on the issue of credibility and not for the contents of either hearing." The admission of these two transcripts in evidence was an error. The stenographers who made the transcripts were not called as witnesses, and the record does not disclose that the correctness or accuracy of the transcripts was conceded. The court did not indicate whose credibility might be affected by the transcripts. If it be considered that the transcripts had a bearing on the credibility of Burdo, then the testimony of the other witnesses at each hearing, some of whom were not called as witnesses at the trial, was certainly not admissible as bearing upon his credibility. Moreover, the testimony of some of the witnesses contained hearsay and conclusory statements. In view of the fact that the jury took these exhibits with them during their deliberation we may not say that this evidence, improperly admitted, did not affect the verdict to the prejudice of the plaintiff. A new trial is necessary and other assigned errors need not be discussed. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.